No. 18,744.

W. F. MARKER, ET AL. *v.* FRED W. SIMPSON, ET AL.

(357 P. [2d] 632)

Decided December 19, 1960.

Messrs. MURRAY, BAKER & WENDELKEN, for plaintiffs in error.

Mr. JOSEPH COREY, for defendants in error Koons and Tyree.

Mr. F. T. HENRY, for defendants in error Fred W. Simpson, Jr., et al.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

THIS writ of error is directed to a judgment of the

district court of El Paso County sustaining the action of the City Council of Colorado Springs in granting a variance under its zoning ordinance to permit the construction of a commercial building as a replacement for one presently so used in a residence zone. Plaintiffs in error are persons who objected to the use variance granted by the City Council of Colorado Springs, together with Koons and Tyree, who were the original petitioners.

The property involved is located at 2520 North Tejon Street in Colorado Springs in a zone classified as Residence 3, upon which has been for more than sixty years a building used as a grocery store. The building referred to is of frame construction, and in contrast with structures on either side and throughout the block, which were set back some twenty feet, this building extends to the property line, is old, in poor repair, and not conformable with the other improvements in the vicinity.

In February 1957 the property was purchased by defendants in error Koons and Tyree, who proposed to use it as offices in their profession as civil engineers, and while not specifically stated in the record, it is apparent that permission to change the use of the premises from a grocery store to office use, was granted to the parties.

In July 1957 Koons and Tyree petitioned the Planning Commission of Colorado Springs for permission to demolish the present building and construct a new building, set back in conformity with the other structures in the block, and to provide off-street parking. With their petition they submitted drawings of the proposed new structure, together with photographs of the existing building. On August 7, 1957, the petition was denied by the Planning Commission, it appearing that no one was present to speak in favor of the request, but two representatives of a "North End Home Owners Association" appeared to oppose the petition on the ground that to grant the petition would be a move toward commercialization.

Pursuant to the applicable ordinance an appeal from

the decision of the Planning Commission was taken to the City Council, where a full and complete hearing was had. Following the hearing the Council by resolution approved the proposed variance in accordance with the plans and specifications submitted and granted the petition.

On September 5, 1957, the objectors, plaintiffs in error here, filed their complaint in the district court for relief in the nature of certiorari, alleging that the proceedings before the City Council were irregular and that in granting the variance the Council exceeded its authority and abused its discretion. The trial court after examining the record of the proceedings before the Council, and after having listened to a tape recording of that hearing, concluded that the Council had not exceeded its authority or abused its discretion and dismissed the action. Plaintiffs in error bring the case here for review on writ of error.

The burden of the objectors' argument in this court is that the record and evidence before the Council was insufficient to justify the granting of the use variance under the terms of the zoning ordinance. They also complain of the alleged failure of the City Council to proceed in the manner of a quasi-judicial body, and of its manner of making findings, which it is said disregard the strict requirements of the ordinance.

The trial judge, in response to these contentions, said:

"The formality may not have been such as we expect in a court of law, but, with the exhibits, petition, tape recording — I cannot find that the City Council abused its discretion or was arbitrary. And it appears sufficiently in the record. Even the photographs show the nature of the building and the nature of the residences in the neighborhood.

"It is the conclusion of the Court that the action of the Council is proper and that the use variance should be granted."

We approve. We are satisfied the conclusion of the

trial court finds sufficient support in the record of the proceedings before the City Council. The Council had before it the petition setting forth the proposed construction and the reasons why the change was deemed necessary, together with photographs of the existing building showing it to extend to the sidewalk in contrast to all other buildings in the block, together with evidence of its age and condition. It heard the extended remarks of Counsel on both sides of the controversy and invited all persons having an interest to come forward and be heard, to which there was a limited response, all favorable to the new construction, except that of one individual residing near the premises involved whose objection was concerned only with the problem of automobile parking.

In the recent case of *Marker v. Colorado Springs,* 138 Colo. 485, 336 P. (2d) 305, we said:

"The very purpose of such an ordinance is to vest the fact finding body with authority to relieve a property owner of hardship which might ensue in the event the zoning ordinance was strictly enforced."

In *State Civil Service Commission v. Hazlett,* 119 Colo. 173, 201 P. (2d) 616, it is said:

"The scope of review in certiorari proceedings, and the authority of courts to interfere with the findings of tribunals vested with exclusive jurisdiction to determine particular issues, have by a long line of decisions been judicially defined. We cannot consider herein whether the commission's findings are right or wrong, substitute our judgment for that of the commission, or interfere in any manner with the commission's findings if there is *any* competent evidence to support the same." (Emphasis supplied.)

Concluding, as we do, that the findings of the trial court have adequate support in the record, the judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.